IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VELMA R. SCOTT,

                **Plaintiff,**

v.                               1:06-cv-76-WSD-GGB

**KINDRED HOSPITALS LIMITED PARTNERSHIP d/b/a KINDRED HOSPITAL-ATLANTA,**

                **Defendant.**

## OPINION AND ORDER

This is an action filed by Plaintiff Velma Scott ("Plaintiff") against Defendant Kindred Hospitals Limited Partnership d/b/a Kindred Hospital-Atlanta ("Defendant") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and various other statutes. It is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [28] on Defendant's Motion for Summary Judgment ("Def. MSJ") [11].[1] Plaintiff filed her Objection to

---

[1] Defendant originally filed its motion as a Motion to Dismiss. The Magistrate Judge entered an order converting Defendant's Motion to Dismiss to a Motion for Summary Judgment because the Judge considered documents that were not attached to the Complaint and were outside the pleadings. The Court will refer to Defendant's motion as a Motion for Summary Judgment. (Order re: Motion to Dismiss [18].)

the R&R on August 17, 2006.  (Pl. Obj. [35].)  In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected.  The Court has reviewed the remainder of the Magistrate Judge's Report and Recommendation for plain error.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).  The parties do not object to the Magistrate Judge's findings of fact in the Report and Recommendation and, finding no plain error, the Court adopts the facts set forth in the Report and Recommendation.

## I.     BACKGROUND

### A.     Procedural History

Plaintiff filed her Complaint on December 29, 2005, alleging that Defendant failed to promote her and terminated her employment as a nurse on account of her race and age.  She also alleges that Defendant did not allow her to take medical leave when she was sick and that she was retaliated against for reporting Defendant to state medical authorities.  On April 17, 2006, Defendant filed its Motion to Dismiss, and the Magistrate Judge converted it to a Motion for Summary Judgment

on June 26, 2006.  On July 10, 2006, Plaintiff filed her response to the Motion for Summary Judgment. (Pl. Opp. to Def. MSJ [22].)

On July 31, 2006, Magistrate Judge Brill issued her Report and Recommendation, recommending the Court grant partial summary judgment for Defendant on Plaintiff's Title VII race discrimination claims and her retaliation and failure to promote claims under the Age Discrimination Employment Act of 1967 ("ADEA") and the Americans with Disabilities Act of 1990 ("ADA").  On August 9, 2006, Plaintiff filed a "Motion to Reconsider Non-Final Report and Recommendation."  (Motion to Reconsider [33].)  On August 17, 2006, Plaintiff filed an Objection to the Report and Recommendation.  (Pl. Obj. [35].)  On August 22, 2006, the Magistrate Judge denied Plaintiff's Motion for Reconsideration. (Order denying Motion for Reconsideration [36].)

**II.    DISCUSSION**

    A.    <u>The Magistrate Judge's R&R</u>

Defendant moved to dismiss Plaintiff's Title VII race discrimination claim on the basis that it is time-barred because it was filed more than 90 days after Plaintiff received her right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC").  (Def. MSJ, at 4.)  Defendant also argued that any claim of

retaliation or failure to promote under Title VII, the ADEA, or the ADA is barred because Plaintiff failed to exhaust her administrative remedies by neglecting to list these claims in her EEOC charge. (Def. MSJ, at 8.)

The Magistrate Judge concluded that Plaintiff's claim was not time-barred. Plaintiff asserted in her response to Defendant's Motion for Summary Judgment that even though the right to sue letter is dated September 29, 2005, she did not receive it from the EEOC until December 29, 2005, the day she initiated the lawsuit. (R&R, at 3.) Magistrate Judge Brill, however, found that Plaintiff failed to exhaust her administrative remedies with respect to her Title VII claims because her EEOC charge contains no allegation of discrimination based on race or color. (R&R, at 4.) The Magistrate Judge also found that Plaintiff did not exhaust her administrative remedies with regard to her retaliation and failure to promote claims pursuant to the ADEA and ADA. (Id.) The Magistrate Judge held that Plaintiff's EEOC charge of discrimination was completely silent as to retaliation or failure to promote, and an EEOC investigation into these issues could not have been expected to arise from Plaintiff's charge. The Judge therefore recommended that Defendant's Motion for Summary Judgment be granted with respect to Plaintiff's

Title VII race discrimination claims and her retaliation and failure to promote claims under the ADEA and ADA. (Id. at 5.)

B.  Plaintiff's Objections

Plaintiff first objects to the determination that she failed to exhaust her administrative remedies regarding her race discrimination claim. (Pl. Obj., at 1.) Plaintiff asserts that she wanted to include a race discrimination claim in her EEOC charge but did not do so because the investigator told her that she could not claim race discrimination because over 75% of Defendant's workers are African-American. (Pl. Opp. to Def. MSJ, at 3.) Plaintiff's explanation, however, does not alter the requirement that she exhaust her remedies before filing a Title VII claim.

Title VII, the ADA, and the ADEA require a plaintiff to exhaust available administrative remedies by filing a charge of unlawful discrimination with the EEOC before filing a lawsuit. 42 U.S.C. § 2000e-5(e); Bost v. Fed. Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004); Fry v. Muscogee County Sch. Dist., 150 Fed. Appx. 980, 981 (11th Cir. 2005). "[A] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Gregory v. Ga. Dept. of Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004); see also Sanchez v. Stand. Brands, Inc., 431

F.2d 455, 466 (5th Cir. 1970). "The rational for this limitation is that Congress wanted the EEOC to have an opportunity to investigate and attempt conciliation of all claims before litigation was brought." Cabiness v. YKK (USA), Inc., 859 F. Supp. 582, 586-87 (M.D. Ga. 1994) (citing Sanchez, 431 F.2d at 466). "[J]udicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint, but . . . allegations of new acts of discrimination are inappropriate." Gregory, 355 F.3d at 1279-80 (internal quotations and citations omitted).

In her EEOC Charge, Plaintiff alleged only that she was subjected to harassment due to her age, received write-ups, and was closely monitored and denied the chance to work because hours were given to younger employees. (EEOC Charge, attached to Def. MSJ as Ex. 1.) Plaintiff further alleged that she was denied accommodations for her medical condition. (Id.) Plaintiff stated that she has been discriminated against because of her age in violation of the ADEA and was regarded as being disabled in violation of the ADA. (Id.) Plaintiff does not indicate race as a basis of her alleged discrimination–she selected the boxes for "Age" and "Disability" discrimination but left "Race" blank. Plaintiff did not mention race anywhere in her EEOC charge. Because allegations in a judicial

complaint are limited by the scope of the EEOC investigation that could reasonably be expected to grow out of the charge of discrimination, Plaintiff's race discrimination claim was properly dismissed by the Magistrate Judge for failure to exhaust administrative remedies.  Plaintiff's objection to the Magistrate Judge's determination as to her Title VII race discrimination claim is therefore overruled.

Plaintiff also objects to the Magistrate Judge's determination that Plaintiff's retaliation and failure to promote claims should be dismissed for failure to exhaust administrative remedies.  (Pl. Obj., at 2.)  When Plaintiff filed her EEOC charge, she did not refer at all to a promotion or failure to promote, alleging instead only age and disability discrimination.  Upon filing her Complaint, however, she indicated "Failure to promote me" as one of the bases of her Complaint.  Because Plaintiff completely fails to mention promotion or any facts relating to promotion in her EEOC charge, a failure to promote claim could not reasonably be expected to grow out of the charge of discrimination Plaintiff originally filed with the EEOC.  Plaintiff's objection as to her failure to promote claim is therefore overruled.

The Magistrate Judge also correctly held that Plaintiff had not exhausted her administrative remedies with respect to Plaintiff's claim of retaliation for filing

reports about Defendant to health regulatory entities, because a retaliation claim also could not be expected to grow out of her EEOC charge. The Magistrate and this Court found an absence in Plaintiff's EEOC charge of any factual basis that shows or suggests any action was taken against Plaintiff as a result of reports Plaintiff may have made to another entity. Furthermore, there is nothing in the report that would allow the EEOC to infer that retaliation occurred. This is especially true where Plaintiff specifically stated in her charge that the adverse action she allegedly suffered was the result of her age and disability.

In Hillemann v. Univ. of Central Fl., No. 04-15153, 2006 WL 122430, * 2 (11th Cir. Jan. 18, 2006), the plaintiff's complaint alleged failure to hire for three marketing positions because of race and gender discrimination and retaliation, but plaintiff's EEOC charge regarding those positions alleged only age discrimination under the ADEA. The Court held that the EEOC could not reasonably be expected to investigate race and sex discrimination or retaliation when the charge form did not indicate that they could have contributed to the defendant's failure to hire the plaintiff. The Court noted that it had, in Gregory, refused to bar a plaintiff's retaliation claim when the plaintiff had only alleged race and sex discrimination in her EEOC charge when if found "the facts in [the] plaintiff's EEOC charge

indicated she was fired after complaining about race and gender discrimination, which reasonably would lead to an EEOC investigation of retaliation." Id.  The Hillemann Court held, however, that the situation before it was different from the one in Gregory.  It reasoned that unlike the plaintiff in Gregory, the Hillemann plaintiff's EEOC charge factually supported only a claim for age discrimination.  The plaintiff stated he was a victim of age discrimination because the hired applicants were younger than he was.  His charge was silent about race, sex, and retaliation and stated only and specifically that the adverse action allegedly suffered was based on age.

In this case, Plaintiff is completely silent regarding retaliation in her EEOC charge.  She did not check the box for retaliation, and she did not allege that she complained to anyone about any harassment, discrimination, or lack of accommodation, or that she engaged in any other protected activity that could support a claim of retaliation.  The charge is in contrast to Plaintiff's Complaint filed with this Court, which alleges that, among other things, she was harassed and terminated in retaliation for reporting Defendant to a state board on nursing abuse and a hospital regulatory board.  These allegations contradict and are otherwise unsupported by Plaintiff's statement in her EEOC charge that she was fired for

insubordination.  An investigation into these new allegations in Plaintiff's Complaint could not reasonably be expected to grow out of Plaintiff's EEOC charge.

This case is therefore distinguishable from <u>Gregory</u>, where the Court held that although the plaintiff did not check retaliation on her charge, the charge alleged facts that reasonably comprised a claim for retaliation and that investigators presumably considered issues relating to retaliation when investigating the plaintiff's claims.  Here, Plaintiff does not even suggest that she suffered retaliation in her EEOC charge, and instead states that she was "discharged for insubordination–refusing to follow orders, reporting late to work and missing three days from work."  (EEOC Charge, attached to Def. MSJ as Ex. 1.)  Plaintiff's retaliation claims in her Complaint do not "amplify, clarify, or more clearly focus the allegations in the EEOC charge," but instead constitute new allegations of discrimination.  Plaintiff therefore did not exhaust her administrative remedies regarding her claim for retaliation, and this claim should be dismissed.  Plaintiff's objection to this finding by the Magistrate is overruled.

### III. <u>CONCLUSION</u>

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [28].  Accordingly, Defendant's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part in accordance with the Report and Recommendation.

**SO ORDERED** this 28th day of August, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE